In the Matter of William Dale HENRY, Dellophine C. Henry, Debtors.

Bankruptcy No. 87–421.

United States Bankruptcy Court, D. Delaware.

June 7, 1988.

Eric M. Doroshow, Paulette Sullivan Moore, Wilmington, Del., for debtors.

Jeoffrey L. Burtch, Wilmington, Del., for Community Federal Sav. and Loan Ass'n.

Michael B. Joseph, Wilmington, Del., trustee.

BENCH DECISION AND ORDER
JUNE 7, 1988

HELEN S. BALICK, Bankruptcy Judge.

The debtors are seeking a reduction in the rate of interest claimed by Community Federal Savings and Loan Association on its default judgment entered in a foreclosure action against debtors' principal residence on July 1, 1987.

Community argues that its rights cannot be modified under § 1322(b)(2) of title 11, United States Code and that it is entitled to the contract rate of interest stated in the mortgage.

Debtors look to § 506(b) of title 11 for authority to apply equitable principles for reduction of an interest rate when a creditor is oversecured.

Under Delaware law, 6 *Del.C.* § 2301, a judgment carries the contract rate of interest or, if there is no contract rate, 5% over the Federal Reserve Discount Rate as of the time interest is due. Thus, Community is entitled to the principal amount of its judgment and interest at the rate of 18% from date of entry. Section 506(b) does not give the court any discretion to determine reasonableness of the interest rate permitted under Delaware law.

Chief Judge Schwartz in the *Skelly* case (38 B.R. 1000, D.Del.1984) noted that if Congress had desired bankruptcy courts to modify state court judgments it would have used explicit language. It did not do so. Consequently, debtors' objection to Community's claim is DISMISSED.